## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

OXEBRIDGE QUALITY
RESOURCES INTERNATIONAL,
LLC and CHRISTOPHER MARK
PARIS,

    Plaintiffs,

v.                                      Case No: 8:20-cv-2176-CEH-SPF

DONALD LABELLE,

    Defendant.

_____

## ORDER

This cause comes before the Court on Plaintiffs', Oxebridge Quality Resources International, LLC, and Christopher Mark Paris, Motion for Default Judgment (Doc. 61). In the motion, Plaintiffs request the entry of a default judgment as to the sole remaining defendant, Donald LaBelle. Having considered the motion and being fully advised in the premises, it is due to be denied.

    **I.**     **BACKGROUND**

Plaintiffs filed this action on September 16, 2020 against Daryl Guberman, Guberman PMC, LLC ("the Guberman Defendants"), and Donald LaBelle. Doc. 1. In Count I, Plaintiffs sought to enforce a permanent injunction they allege was entered by another judge in this District on May 18, 2019, in a previous action between the parties styled as *Paris et al. v. Levinson et al.*, No. 8:19-cv-0043-WFJ-SPF (M.D. Fla.). *Id.* ¶¶ 29-31, 36-39. In Count II, they requested a declaratory judgment that

Defendants' actions violated the same order. *Id.* ¶¶ 41-46.  In Count III, they alleged that Defendants' statements about the prior action constituted defamation per se. *Id.* ¶¶ 48-54.  The complaint was amended several times to address deficiencies related to subject matter jurisdiction, although the causes of action remained the same. *See* Docs. 6, 7, 8, 9, 25, 31, 35.

After the filing of the Second Amended Complaint, Defendant LaBelle filed, by mail, a pro se motion to dismiss for lack of personal and subject matter jurisdiction. Doc. 16.  The motion constitutes LaBelle's only appearance or participation in this action.  Plaintiffs subsequently filed a Third Amended Complaint, and the Court dismissed LaBelle's motion without prejudice as moot. Docs. 31, 33.  On October 20, 2021, Plaintiffs moved for a clerk's default against LaBelle for his failure to answer the Third Amended Complaint. Doc. 40.  A clerk's default was entered against LaBelle on November 2, 2021. Doc. 43.

The Guberman Defendants moved to dismiss the Third Amended Complaint for failure to state a claim upon which relief may be granted. Doc. 37.  The Court granted the motion in part, finding that it lacked authority to grant the relief Plaintiffs sought in Count I, and declining to exercise its discretionary jurisdiction as to the declaratory judgment they requested in Count II. Doc. 52.  The Court therefore dismissed Counts I and II of the Third Amended Complaint, but directed Defendants to answer Count III. *Id.*  Thereafter, Plaintiffs moved to dismiss the counts against the Guberman Defendants without prejudice upon agreement of the parties. Doc. 57.  Plaintiffs explained that Guberman had sworn under oath that he had no dominion,

control, or ability to remove the defamatory content of which Plaintiffs sought removal. Doc. 61 at 2. The Court granted the motion to dismiss the Guberman Defendants from the action. Doc. 58.

Plaintiffs now move for a default judgment against LaBelle, the only remaining defendant and the individual whom they believe controls the defamatory content. Doc. 61 at 2.[1] They request all relief sought in the Third Amended Complaint, including the relief related to Counts I and II. *Id.* at 5-8.

## II. LEGAL STANDARD

When a defendant fails "to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter" the defendant's default upon the plaintiff's request. Fed. R. Civ. P. 55(a). After the clerk enters the default, the plaintiff may proceed by seeking default judgment. *See* Fed. R. Civ. P. 55(b).

Default does not automatically warrant the entry of default judgment. Because default judgments are "disfavored," they require "strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1369 (11th Cir. 1982). Although a defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact," *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."

---

[1] On January 20, 2023, the Court issued an Order directing Plaintiffs to show cause as to why the action should not be dismissed for failure to move for default judgment. Doc. 60. Plaintiffs timely responded to the Order and filed the instant motion. Docs. 61, 62.

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Similarly, a plaintiff is entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544-1545 (11th Cir. 1985). Therefore, a court must conduct an analysis to determine whether the well-pleaded factual allegations of the complaint provide a sufficient basis for a judgment against the defendant. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. The Eleventh Circuit has likened this standard to that of a Rule 12(b)(6) motion to dismiss. *Id.* Under this standard, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), quoting Fed. R. Civ. P. 8(a)(2).

Further, in determining whether default judgment is proper, a court must first assess whether jurisdiction exists. *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F.2d 639 (11th Cir. 1984).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Plaintiff asserts that the Court has subject matter jurisdiction over this action based upon diversity of citizenship and a minimum amount in controversy. Doc. 31 ¶ 9. The Court agrees. As previously determined, *see* Doc. 35, Plaintiffs have adequately alleged that all parties are citizens of different states and that the amount in controversy

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

exceeds $75,000. Doc. 31 ¶¶ 1-6. Accordingly, there is subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### B. Personal Jurisdiction

In assessing personal jurisdiction, the Court must first assess the validity of service of process. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("insufficient service of process…implicates personal jurisdiction and due process concerns"). Pursuant to Rule 4(h), Federal Rules of Civil Procedure:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). Rule 4(e) further provides that service may be made in a manner "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Unless service is waived, proof of service of the summons and complaint must be filed with the court in the form of the server's affidavit. Fed. R. Civ. P. 4(l); *see also* Local Rule. 1.10(a) (proof of service must be filed within 21 days).

Here, Plaintiffs did not file proof of service of the summons and complaint on any of the defendants, including LaBelle. However, after Plaintiffs filed the Second Amended Complaint, LaBelle appeared in the action by filing a pro se motion to dismiss for lack of personal and subject matter jurisdiction. Doc. 16. He did not challenge the sufficiency of service in the motion. The Court therefore finds that he waived a challenge to the sufficiency of service of the summons and complaint under Rule 4. *See* Fed R. Civ. P. 12(h)(1) ("A party waives [the defense of insufficient service of process] by: (A) omitting it from a motion" under Rule 12).

However, Plaintiffs have not adequately established proof of service of the operative pleading under Rule 5. They contend that LaBelle has defaulted by failing to respond to the Third Amended Complaint. Doc. 61 at 2-3; Doc. 40 at 1-2. Once a party has appeared, [3] a subsequent pleading or other filing must be served on them in accordance with Rule 5(b), which permits a greater variety of methods of service than Rule 4. These methods include hand delivery, electronic filing, and mail to the party's last known address. Fed. R. Civ. P. 5(b)(2). In their motions for a clerk's default and default judgment, Plaintiffs allege only that LaBelle "was served with the Third Amended Complaint." Docs. 40 at 1, 40-1 ¶ 3, 60-1 ¶ 3. They do not explain the method of service, but the Third Amended Complaint certifies that service was

---

[3] Under Rule 5(a)(2), no service is required on a party who is already in default, unless the new pleading asserts a new claim for relief against that party. LaBelle was not in default when the Third Amended Complaint was filed. Service was therefore required pursuant to Rule 5(a)(1).

conducted by electronic filing. Doc. 31 at 15.[4] But LaBelle, a pro se party, does not receive electronic filings: he appeared in this action only by mailing a motion to dismiss, and did not seek non-attorney e-filing access.[5]

A "required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days *after service of the amended pleading*, whichever is later." Fed. R. Civ. P. 15(a)(3) (emphasis added); *see Williams v. Clinch Cnty., Ga.*, 231 F.R.D. 700, 701 (M.D. Ga. 2005) ("By its terms, the [14]-day period is triggered by 'service' of the amended pleading, not just filing it with the Court."). LaBelle cannot be defaulted based on his failure to respond by a deadline that may not even exist. "[F]or a plaintiff to be entitled to a default judgment on an amended pleading, there must be an adequate showing that the relevant amended pleading was duly served[.]" *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citations omitted); *see also Kelley v. JP Morgan Chase Bank*, No. 1:11-cv-2497-ODE, 2012 WL 12873616, *4 n.7 (N.D. Ga. Oct. 22, 2012) (denying motion for default judgment on fifth amended complaint because the court had not yet ruled on whether to grant leave to amend complaint a fifth time). Plaintiffs have not established that

---

[4] Affidavits by Plaintiffs' counsel refer to the addition of time to LaBelle's response deadline to account for service by mail, which creates a possibility that they did mail LaBelle the Third Amended Complaint pursuant to Rule 5. *See* Doc. 61-1 ¶¶ 5-6. Without an affirmative statement, however, the Court cannot infer that they did so, particularly where Plaintiffs certified that service occurred by electronic filing.

[5] The Court observes that Plaintiffs' certificates of service also fail to demonstrate that they properly served LaBelle with their motions for clerk's default and default judgment as required by Rule 5(a)(1)(D). *See* Doc. 40 at 2; Doc. 61 at 9.

LaBelle was served with the pleading on which they seek a default judgment. Therefore, the Motion for Default Judgment must be denied.

### C. Adequacy of Pleadings

Although the Court has found that the motion for default judgment must be denied without prejudice for inadequate proof of service, it will also address the adequacy of the pleadings for the sake of judicial economy.

A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *See*, *e.g.*, *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015). In this action, however, the Court already determined that two of the three counts in the Third Amended Complaint were not well-pleaded and, in fact, were due to be dismissed. *See* Doc. 52. The Court first found that Count I did not state a claim on which relief could be granted, because the Court does not have the authority to enforce an injunction allegedly issued in a prior action. *Id.* at 5-7. As to Count II, the Court declined to exercise jurisdiction under the Declaratory Judgment Act because the relief Plaintiffs sought would not be adequately remedied by a declaratory judgment. *Id.* at 8-12. The Court adopts the analysis and findings from its June 24, 2022 Order into the instant Order.

Plaintiffs fail to acknowledge this Court's prior Order in their motion for default judgment, and they seek the relief they requested in connection with all three counts. Plaintiffs are advised that the Court will not issue a default judgment as to Counts I and II of the Third Amended Complaint, nor will it issue any relief to Plaintiffs that

8

corresponds with those allegations, rather than the allegations that relate to Count III. The motion is therefore due to be denied with prejudice as to Counts I and II.

Accordingly, it is **ORDERED**:

1. Plaintiffs Oxebridge Quality Resources International, LLC, and Christopher Mark Paris's Motion for Default Judgment (Doc. 61) is **DENIED**. The Motion is denied with prejudice as to Counts I and II of the Third Amended Complaint. The Motion is denied without prejudice as to Count III.

2. To the extent Plaintiffs wish to obtain a judgment against Defendant Donald LaBelle as to Count III, they must properly serve LaBelle with the Third Amended Complaint within thirty (30) days of this Order and then move for entry of a clerk's default if LaBelle fails to respond. In the alternative, Plaintiffs may provide adequate proof of their prior service of the Third Amended Complaint on LaBelle within a renewed motion for entry of a clerk's default.

3. Having determined that service upon LaBelle was inadequately established, the Clerk's entry of Default at docket entry 43 is **VACATED**.

4. The Order to Show Cause dated January 20, 2023 (Doc. 60), is **DISCHARGED**.

**DONE** and **ORDERED** in Tampa, Florida on May 3, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record; Unrepresented Parties